Sed per Curiam.
.It is a general rule with regard té arrests of judgment upon matter of law, that whatever is alleged in arrest of judgment, must be such matter as would upon a demurrer or plea in bar, 'be sufficient to overturn or destroy the action. 1 Cromp. 327. And the rule is the same1 both in civil and criminal cases.
Now there is no doubt, but the act of 1748 would have been a good plea in bar to this prosecution, if it had been pleaded ; for it expressly declares, that in all and every case, where nay penalty, fine, or forfeiture hath been, or shall be inflicted, or imposed by any act of assembly, the time for prosecuting such offenders shall be limited to six months after the time of the offence committed, or penalty incurred, and not afterwards. If, then, this act would have been a good plea in bar, and would have destroyed the prosecution. in limine, there can be no doubt but it is good cause to arrest the judgment, as the cause of action, or rather prosecution, was gone in law after the expiration of six months, and it was admitted, that this prosecution was not commenced until long after that time. The pleading issuably, or denying the facts and going into the merits of this case, which might have been in the defendant’s favour, does not in a criminal case, deprive him of this advantage of the arrest of judgment.
Let the judgment be therefore arrested.
Present, Burke, Waties and Bat.